UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-cv-21373-GAYLES/TORRES

SOCIAL LIFE NETWORK, INC.,

        Plaintiff,

v.

PEAK ONE OPPORTUNITY FUND,
L.P., et al.,

        Defendants.

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Second Amended Complaint (the "Motion"). [ECF No. 59]. The action was referred to Chief Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 53]. On February 13, 2023, Judge Torres issued his report recommending that the Motion be granted in part with prejudice and granted in part without prejudice (the "Report"). [ECF No. 75]. Plaintiff and Defendants have timely objected to the Report. [ECF Nos. 76, 77].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres finds that (1) Plaintiff's claim for recission under Section 29(b) of the Securities Exchange Act of 1934 (Count I) is time-barred; (2) Plaintiff fails to state a claim under Section 517.12(1) of the Florida Securities and Investor Protection Act (Count II) because Plaintiff, not Defendants, was the alleged seller of securities; and (3) Plaintiff's Florida law claims (Counts III-VI) fail because the relevant agreements contain a Nevada choice of law provision. Judge Torres recommends that Counts I and II be dismissed with prejudice and Counts III-VI be dismissed without prejudice. The Court has conducted a *de novo* review of the Motion and the record and agrees with the bulk of Judge Torres's well-reasoned findings and recommendations.

## Plaintiff's Objections

Plaintiff's objections address the Report's finding that Count I is time-barred. Plaintiff does not argue that Judge Torres applied the wrong statute of limitations. Rather, Plaintiff argues that Judge Torres misapplied the discovery rule and the continuing violations doctrine. The Court disagrees.

Count I of the Second Amended Complaint is a claim for recission under Section 29(b) of the Exchange Act, which provides that contracts made in violation of any provision of the Exchange Act or its rules or regulations shall be void with respect to the rights of the person who made the contract. Section 15(a) provides that it is unlawful for a "dealer" to use interstate commerce to effect transactions in the purchase or sale of securities unless the dealer is properly registered. 15 U.S.C. § 78o(a)(1). The Second Amended Complaint alleges that Defendant Peak One Opportunity Fund (the "Fund") is a "dealer" and entered into the loan agreements with Plaintiff without having registered and that, therefore, the agreements are void. Judge Torres found

2

that Plaintiff's claim for recission is time barred because it was filed more than one year after Plaintiff could have discovered with reasonable diligence the facts giving rise to the Fund's purported Section 15(a) violation—namely that the Fund was not registered.

The statute of limitations one-year clock begins to run when a "reasonably diligent plaintiff" would have discovered "the facts constituting the [alleged] violation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 646 (2010). Plaintiff claims, in a somewhat circular fashion, that Judge Torres only addressed whether Plaintiff could have timely discovered whether the Fund was registered and not whether it was a securities dealer and therefore needed to register.[1] Plaintiff misses the point. "[I]t is the discovery of the facts constituting the violation that starts" the clock, "not the discovery that there was a violation." *Celsion Corp. v. Stearns Mgmt. Corp.*, 157 F. Supp. 2d 942, 948 (N.D. Ill. 2001) (internal quotation omitted). Here, there is no question that a reasonably diligent plaintiff should have known the facts underlying the allegations in the Second Amended Complaint—including whether the Fund was a dealer and whether it was registered—when Plaintiff executed the agreements with the Fund.[2] Accordingly, Plaintiff's objections on this ground are overruled.[3]

### Defendants' Objections

Though Defendants agree with the majority of the Report's findings and recommendations, they argue that Plaintiff's claims under Florida law (Counts III-VI) should be dismissed with prejudice. The Court agrees.

---

[1] Because the Court is dismissing Count I as time barred, it does not address Defendants' argument that the Fund is not a dealer under the Exchange Act.

[2] Plaintiff cites to *Auctus Fund, LLC v. Players Network, Inc.*, 2021 U.S. Dist. LEXIS 259634, at *24-25 (D. Mass. Dec. 10, 2021) for the proposition that it did not have knowledge of the Fund's status as a dealer at the time of the Agreements and that, therefore, the statute of limitations has not run. Plaintiff's reliance on *Auctus* is misplaced. There, plaintiff/counter-defendant made misrepresentations to the defendant/counter-plaintiff that it was not a dealer and not required to register. Here, there are no allegations in the Second Amended Complaint that the Fund made any statements to Plaintiff about whether it was (or was not) a securities dealer.

[3] The Court also agrees with Judge Torres's findings that the continuing violations doctrine is inapplicable.

Judge Torres recommended dismissal of Counts III-VI without prejudice because it was possible that Plaintiff could file an amended complaint that raised claims under Nevada law in accordance with the choice of law provisions in the Agreements. However, Plaintiff's Original complaint previously raised claims under Nevada law. [ECF No. 1]. Plaintiff abandoned those claims when it filed the Amended Complaint. [ECF No. 38]. As Plaintiff has already raised and abandoned those claims, the Court finds that dismissal of the entire Second Amended Complaint, with prejudice, is appropriate.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Torres's Report and Recommendation, [ECF No. 75], is **ADOPTED in PART**;

(2) Defendants' Motion to Dismiss Second Amended Complaint, [ECF No. 59], is **GRANTED**;

(3) The Second Amended Complaint is **DISMISSED with prejudice**; and

(4) This case is **CLOSED,** and all pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of March, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE