**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

SOCIAL LIFE NETWORK, INC.,

                     *Plaintiff*,

     v.

PEAK ONE OPPORTUNITY FUND, L.P.
and JASON GOLDSTEIN,

                   *Defendants*.

CIVIL ACTION NO. 1:21-cv-21373-DPG

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    I.     THE COURT SHOULD DEFER A RULING PENDING PLAINTIFF'S APPEAL ........ 2

    II.    ALTERNATIVELY, THE MOTION SHOULD BE DENIED IN PART BECAUSE
DEFENDANTS ARE NOT ENTITLED TO THE AMOUNT THEY SEEK ........................... 4

        A.    THE REQUESTED BILLING RATES ARE UNREASONABLY HIGH ................... 5

        B.    THE REQUESTED HOURS ARE EXCESSIVE AND UNREASONABLE ............. 8

            1.    Block Billing and Inadequate Descriptions. ............................................. 10

            2.    Excessive, Redundant, and Otherwise Unnecessary Billing. .................... 11

            3.    Clerical Work Performed by Attorneys. .................................................... 14

            4.    Billing for Paralegal Work. ....................................................................... 14

            5.    Billing for Pro Hac Vice Applications. ...................................................... 15

        C.    LODESTAR CALCULATION .................................................................... 15

        D.    REIMBURSEMENT FOR LEGAL RESEARCH SHOULD BE DENIED ............... 17

CONCLUSION ............................................................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*ACLU v. Barnes,*
    168 F.3d 423 (11th Cir. 1999) .............................................................................5, 6, 9, 12

*Alper Auto Inc. v. Day to Day Imps.,*
    2022 U.S. Dist. LEXIS 158310 (S.D.Fla. July 25, 2022)...................................................13

*Am. Fed'n of State v. Scott,* 2
    012 U.S.Dist. LEXIS 193642  (S.D.Fla. Sept. 14, 2012)…………………………………..10

*Armor Screen Corp. v. Storm Catcher, Inc.,*
    2009 U.S. Dist LEXIS 59927 (S.D.Fla. June 29, 2009) ....................................................17

*Bivins v. Wrap It Up, Inc.,*
    548 F.3d 1348 (11th Cir. 2008) ....................................................................................8, 16

*Blum v. Stenson,*
    465 U.S. 886 (1984)............................................................................................................4

*Camden I Condo. Assoc'n, Inc. v. Dunkle,*
    946 F.2d 768  (11th  Cir. 1991) ........................................................................................5

*Cardena v. Pacesetter Corp.,*
    224 F.3d 1203 (10th Cir. 2000) ......................................................................................10

*CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.,*
    No. 22-mc-20762-ALTMAN/REID,
    2022 U.S. Dist. LEXIS 216167 (S.D. Fla. Nov. 30, 2022)..................................................7

*Chavez v. Mercantil Commercebank N.A.,*
    2015 U.S. Dist. LEXIS 2545 (S.D.Fla. Jan. 9, 2015) ........................................................4

*Coal of Immokalee Workers, Inc. v. Town of Palm Beach,*
    2016 U.S.Dist. 2016 (S.D.Fla. Dec. 27, 2016) .................................................................15

*Dayco Prods. V. McLane,*
    690 So.2d 654 (Fla. 1st DCA 1997) .................................................................................15

*Dependable Component Supply Inc. v. Carrefour Informatique Tremblant Inc.,*
    2012 U.S. Dist. LEXIS 9246 (S.D.Fla. Jan. 26, 2012) .....................................................14

*Dep't of Transp. v. Skidmore,*
    720 So.2d 1125 (Fla. 4th DCA 1998)...............................................................................17

*Duckworth v. Whisenant,*
   97 F.3d 1393 (11th Cir. 1996)……………………….…………………………………..17

*Exhibit Icons, LLC v. XP Cos., LLC,*
   No. 07-80824-CIV,
   2009 U.S.Dist. LEXIS 111635 (S.D.Fla. Nov. 18, 2009).................................................15

*Florida Birth-Related Neurological Injury Comp. Ass'n v. Carreras,*
   633 So. 2d 1103 (Fla. 3d DCA 1994) ..............................................................................12

*Gray v. Romero,*
   709 F. Supp. 325 (D.R.I. 1989) ....................................................................................4, 5

*Golf Clubs Away LLC v. Hostway Corp.,*
   2012 U.S. Dist. LEXIS 97971 (S.D.Fla. July 16, 2012)...............................................2, 6

*H.C. v. Bradshaw,*
   426 F.Supp. 1266 (S.D.Fla. Oct.10, 2019) ......................................................................18

*Haines v. Sophia,*
   711 So. 2d 209 (Fla. 4th DCA 1998) ...............................................................................12

*Hamilton v. Sheridan Healthcare, Inc.,*
   2015 U.S. Dist. LEXIS 193773 (S.D.Fla. Dec. 23, 2015) ................................................12

*Hazleton v. City of Orlando,*
   2013 U.S. Dist. LEXIS 157669  (M.D. Fla. Nov. 4, 2013) .............................................10

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983).........................................................................................2, 4, 9, 11

*Hermosilla v. Coca-Cola Co.,*
   No. 10-21418-CIV,
   2011 U.S.Dist. LEXIS 156499 (S.D.Fla. July 15, 2011)................................................2, 6

*Heron Dev. Corp. v. Vacation Tours, Inc.,*
   No. 16-20683-CIV,
   2020 U.S. Dist. LEXIS 16224 (S.D. Fla. Jan. 24, 2020) ....................................................3

*Hipp v. Liberty Nat'l Life Ins. Co.,*
   65 F. Supp. 2d 1314 (M.D. Fla. 1999).................................................................................3

*In re Estate of Maxcy,*
   240 So.2d 93 (Fla. 2d DCA 1970) ....................................................................................10

*In re Mullins,*
    84 F.3d 459 (D.C. Cir. 1996) ......................................................................................13

*Jean v. Nelson,*
    863 F.2d 759 (11th Cir. 1988) ....................................................................................14

*Johnson v. Georgia Highway Exp., Inc.,*
    488 F.2d 714 (5th Cir. 1974) ........................................................................................5

*Kearney v Auto-Owners Inc.,*
    713 F. Supp. 2d 1369 (M.D. Fla. 2010) ......................................................................10

*Liberty Surplus Inc. Corp. v. Kaufman Lynn Constr. Inc.,*
    2022 U.S. Dist. LEXIS 239416 (S.D. Fla. Dec. 5, 2022) ...........................................13

*Lee v. American Eagle Airlines Inc.,*
    93 F. Supp. 2d 1322 (S.D. Fla. 2000) .........................................................................18

*Lee v. Krystal Co.,*
    918 F. Supp. 2d 1261 (S.D. Ala. 2013) .......................................................................11

*Leroy v. City of Houston,*
    906 F.2d 1068 (5th Cir. 1990) ......................................................................................7

*Loranger v. Stierheim,*
    10 F.3d 776 (11th Cir. 1994) ........................................................................................8

*Machado v. Da Vittorio, LLC,*
    2010 U.S. Dist. LEXIS 84047 (S.D.Fla. July 26, 2010)........................................14, 16

*Matiano v. 5th Ave. Tree Experts,*
    No. 20-23972,
    2021 U.S. Dist. LEXIS 8877 (S.D.Fla. Jan 15, 2021) .................................................11

*Missouri v. Jenkins,*
    491 U.S. 274 (1989)....................................................................................................15

*Moore v. Hillsborough County Sch. Bd.,*
    987 So.2d 1288 (Fla. 1st DCA 2008) .........................................................................15

*N. Dade Church of God, Inc. v. JM Statewide, Inc.,*
    851 So.2d 194 (Fla. 3d DCA 2003) ............................................................................12

*NAACP v. City of Evergreen,*
    812 F.2d 1332  (11th Cir. 1987) ....................................................................................5

*Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.,*
    850 F.2d 1286 (8th Cir. 1988) .......................................................................3

*Norman v. Housing Authority of the City of Montgomery*,
    836 F.2d 1292 (11th Cir. 1988) ............................................................4, 5, 9, 15

*Orenshtyn v. Citrix Systems, Inc.,*
    558 F. Supp. 2d 1251 (S.D. Fla. 2007) .........................................................10

*Oxford Asset Mngt. Ltd. v. Jaharis,*
    279 F.3d 1182 (11th Cir. 2002) .....................................................................9

*Parra v. Minto Town Park, LLC,*
    2009 U.S. Dist. LEXIS 81227 (S.D.Fla. Aug. 20, 2009)................................16, 7

*Pavarini Constr. Co. (SE) v. Ace Am. Ins. Co.,*
    2016 U.S. Dist. LEXIS 157958 (S.D Fla. Nov. 15, 2016)................................12

*Red Bull GmbH v. Spacefuel Corp.,*
    2007 U.S. Dist. LEXIS 104322 (S.D.Fla. 2007) ...........................................10

*Reed v. FirstSource Financial Solutions LLC,*
    2012 WL 204177 (S.D. Fla. 2012) .................................................................6

*Roberts v. Charter Nat'l Life Ins. Co*.,
    112 F.R.D. 411 (S.D.Fla.1986)......................................................................17

*Sclafani v. Firstsource Advantage, LLC,*
    2012 U.S. Dist. LEXIS 29110 (S.D.Fla. Mar. 6, 2012)....................................9

*Simon v. Leaderscape, LLC,*
    565 F. Supp.2d 1332 (S.D. Fla. 2008) ..........................................................10

*Shapiro v. Wells Fargo Bank, N.A*.,
    No. 0:18-CIV,
    2019 U.S. Dist. LEXIS 100125 (S.D. Fla. June 13, 2019) ...............................3

*Soc. Life Network, Inc. v. LGH Invs., LLC,*
    No. 21-cv-767,
    2022 U.S. Dist. LEXIS 190487 (S.D.Cal. Oct. 18, 2022) ................................4

*Soc. Life Network, Inc. v. LGH Invs., LLC,*
    No. 22-55774,
    2023 U.S. App. LEXIS 12904 (9th Cir. May 25, 2023)....................................4

*Storfer v. Guar Trust Life Ins. Co.*,
   2011 U.S.Dist LEXIS 7873 (S.D. Fla. 2011) ................................................................ 6-7

*Tiramisu Int'l LLC v. Clever Imps. LLC,*
   741 F.Supp. 2d 1279 (S.D.Fla. Aug. 10, 2010) ................................................................7

*Tobin v. Haverford Sch.*,
   936 F. Supp. 284 (E.D. Pa. 1996) ....................................................................................7

*Ursic v. Bethlehem Mines,*
   719 F.2d 670 (3d Cir. 1983)..................................................................................... 12-13

*U.S ex rel. Century Fire Protection, LLC v. Ace Eng'g, Inc.,*
   No. 3:09-CV-203/MCR/EMT,
   2011 U.S.Dist. LEXIS 150804 (N.D.Fla. Nov. 14, 2011) .................................................17

*Walker v. Iron Sushi LLC.,*
   2018 U.S.Dist. LEXIS 213347 (S.D. Fla. Feb. 7, 2018) ...................................................12

*Wood v. Panton & Co. Realty, Inc.,*
   950 So.2d 534 (Fla. 4th DCA 2007)................................................................................17

*Yahoo!, Inc. v. Net Games, Inc.,*
   329 F. Supp. 2d 1179 (N.D. Cal. 2004) ........................................................................9, 10

*Ziontz v. Ocean Trail Unit Owners Ass'n Inc.,*
   663 So. 2d 1334 (Fla. 4th DCA 1993) .............................................................................12


**Rules**

Fed. R. Civ. P. 54.......................................................................................................................3

Pursuant to Local Rule 7.3, Plaintiff Social Life Network, Inc., by and through its attorneys, hereby submits its opposition to Defendants' attorneys' fees and expenses set forth in Defendants' Motion for Attorneys' Fees and Expenses and Incorporated Memorandum of Law.[1]

---

[1] "Motion" or "Memo." The following additional terms are used: Plaintiff Social Life Network, Inc. ("Social Life," "SLN," or "Plaintiff"); Defendant Peak One Opportunity Fund, L.P. ("Peak One" and Jason Goldstein, "Defendants"); *The 2021 Real Rate Report,* by Wolters Kluwer ELM Solutions attached as Exhibit H ("Rate Report" or "Report"). Plaintiff will provide the entire Report upon request.

**PRELIMINARY STATEMENT**

In its March 10, 2023 Order (ECF 78), the Court granted Defendants' motion to dismiss the Second Amended Complaint.  On April 7, 2023, Plaintiff filed its Notice of Appeal (ECF 80) from that decision.  Pursuant to Local Rule 7.3(b), on April 7, 2023, Defendants served Plaintiff with a draft copy of their Motion; on April 27, 2023 Plaintiff served Defendants with their draft objections to the Motion.  The parties conducted their meet and confer on April 28, 2023  and a continued meet and confer on May 3, 2023.  Defendants then filed their Motion on May 9, 2023, seeking $222,224 in attorney's fees and $15,000 in legal expenses.  *See Motion at 13-14.*

For the following reasons, Plaintiff opposes the Motion.  *First,* the Court should defer its ruling on the Motion, or deny the Motion without prejudice pending the outcome of Plaintiff's appeal.  *Second,* if the Court is not inclined to do so, it should in the alternative award the reduced amount stated below.  Defendants' requested hourly rates are unreasonably high and not reflective of rates in the local South Florida legal community—a measure that must be used despite Defendants' choice to use counsel from outside the local market.  *See, e.g., Golf Clubs Away LLC v. Hostway Corp.,* 2012 U.S. Dist. LEXIS 97971, *9 (S.D.Fla. July 16, 2012) (only market rates for attorneys with "reasonable experience" are recoverable); *Hermosilla v. Coca-Cola Co.,* No. 10-21418-CIV, 2011 U.S.Dist. LEXIS 156499, *29-30 (S.D.Fla. July 15, 2011) (a prevailing party will only be compensated at a rate of a reasonable priced lawyer in a given market, not for premium-rate lawyers).  Additionally, the time billed by Defendants' counsel is excessive and unreasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").  Finally, for the reasons stated, the Court should deny Defendants' request for reimbursement of online research.

**ARGUMENT**

**I.   THE COURT SHOULD DEFER A RULING PENDING PLAINTIFF'S APPEAL**

The Court should defer a ruling on the Motion, or in the alternative, deny the Motion without prejudice, until the 11th Circuit resolves Plaintiff's appeal.  District courts have the discretion to defer ruling on a motion for attorneys' fees and costs until a pending appeal has been decided.  *See* Fed. R. Civ. P. 54 cmt. (1993 amend.) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice");  *Heron Dev. Corp. v. Vacation Tours, Inc.,* 16-20683-CIV, 2020 U.S. Dist. LEXIS 16224, *2 (S.D. Fla. Jan. 24, 2020) (deferring ruling on attorney's fee and costs until appellate mandate issues);  *Shapiro v. Wells Fargo Bank,* N.A. No. 0:18-CIV; 2019 U.S. Dist. LEXIS 100125, *3 (S.D. Fla. June 13, 2019) (report and recommendation adopted due to concerns of potentially "having to repeat the fees and costs procedure following appeal and the desire to avoid piecemeal adjudication; that resolution is unlikely to assist the Court of Appeals; and that fees and costs issues are often resolved during appellate mediation").

Deferral of a decision on the Motion pending resolution of the appeal would promote judicial economy and conserve the Court's limited resources.  *See Hipp v. Liberty Nat'l Life Ins. Co.,* 65 F. Supp. 2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will … defer ruling on costs and attorneys' fees until all appeals have been resolved"), *aff'd in part, rev'd on other grounds in part,* 252 F.3d 1208 (11th Cir. 2001)*; see also Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.,* 850 F.2d 1286, 1312 (8th Cir. 1988) ("...rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal,... the district court wisely deferred ruling on attorney's fees and costs pending appeal"), *cert. denied,* 489 U.S. 1081, 109 S. Ct. 1535, 103 L. Ed. 2d 840 (1989).

*Social Life Network, Inc. v. LGH Investments*, LLC, No. 21-cv-767, 2022 U.S. Dist. LEXIS 190487, *3-4 (S.D.Cal. Oct. 18, 2022),[2] involved the same attorneys as in this case. Following a judgment in favor of LGH and an appeal to the Ninth Circuit Court of Appeals, LGH in that case filed a motion for attorney's fees and costs (Exhibit F), as it has done here. The court there denied Defendants' fee motion with leave to renew following the appeal. *Id.* As it stands, the Court is faced with resolving up to four attorney's fees filings: the Motion, Defendants' request for fees-on-fees pursuant to the Motion, and two similar filings after the appeal. Deferral of the Motion will reduce that to just two—at the end of the case.

## II. ALTERNATIVELY, THE MOTION SHOULD BE DENIED IN PART BECAUSE DEFENDANTS ARE NOT ENTITLED TO THE AMOUNT THEY SEEK

If the Court elects to review the merits of the Motion, it must employ the lodestar method as the most effective tool to find the amount of a reasonable fee, by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. *See also Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court must take into consideration the customary fee charged in the community for similar legal services. *Id.* The lodestar may be adjusted in certain circumstances to reach a more appropriate fee award. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984). Additionally, the court must consider whether the work done was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *See Chavez v. Mercantil Commercebank N.A.*, 2015 U.S. Dist. LEXIS 2545, *8 (S.D.Fla. Jan. 9, 2015). *See also Gray v. Romero*, 709 F. Supp. 325, 325-327 (D.R.I. 1989) (courts must determine whether the work is sufficiently closely related to the litigation). Finally, the Eleventh Circuit evaluates the

---

[2] The Ninth Circuit has vacated the district court's judgment. 2023 U.S. App. LEXIS 12904 (9th Cir. May 25, 2023) (affirming in part and remanding).

reasonableness of attorneys fees by applying the 12 factors set out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974).[3]  *See Camden I Condo. Assoc'n, Inc. v. Dunkle,* 946 F.2d 768, 771 (11th Cir. 1991).

### A.  THE REQUESTED BILLING RATES ARE UNREASONABLY HIGH

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *See Norman,* 836 F.2d at 1299.  *See also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded.").  The moving party bears the burden of establishing the requested fee is reasonable and must provide "satisfactory evidence that the requested rate is *in line with the prevailing market rates.*"  *See Norman,* 836 F.2d at 1303 (citing *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987)) (emphasis added).  *See also* S.D.Fla. Local Rule 7.3(a).  This should include satisfactory evidence that "necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."  *Norman*, 836 F.2d at 1299.

The court is, however, considered to be an expert on local rates, and the Southern District of Florida frequently relies on its own judgments about what constitutes an appropriate fee.  *See Storfer v. Guar Trust Life Ins. Co.*, 2011 U.S.Dist LEXIS 7873, *6  (S.D. Fla. 2011); *Reed v.*

---

[3] The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the service properly; (4) the preclusion of other employment by the attorney as a result of his acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8)  the results obtained, including the amount recovered for the clients; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the fee awards in similar cases.

*FirstSource Financial Solutions LLC,* 2012 WL 204177 (S.D. Fla. 2012).  But, the court also takes

into consideration that there is a presumption against awarding the top end of the rate when

determining the appropriate rate.  *See Golf Clubs Away LLC,* 2012 U.S.Dist. LEXIS 97971, *9

(noting that the "prevailing [party] may recover market-rate fees only for an attorney with

reasonable expertise.") (internal citations omitted).  The prevailing market is "the place where the

case is filed."  *See  ACLU of Ga. V. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999).  *See also Gulf

Clubs Away, LLC,* 2012 U.S. Dist. LEXIS 97971, at *9-11 (reducing partner's rate by almost $500

and noting that a fee applicant cannot charge a "New York hourly rate, which is among the highest

in the country").  Further, a party seeking to employ an attorney out of the local area "must show

a lack of attorneys practicing in that place who are willing and able to handle his claims."  *See id.*

at *9 (citing *Barnes,* 168 F.3d at 437).  South Florida is not lacking in attorneys with the skill and

expertise possessed by Defendants' counsel.

Defendants assert that they were "justified to retain 'top-flight counsel,'" *see* Motion at 5,

but the court must step into the shoes of the paying client in order to determine reasonable fees.

*See Hermosilla,* 2011 U.S. Dist. LEXIS 156499 *28 (reducing attorney's fees by 50% and noting

that the courts in this District have consistently reduced hourly rates even for premium services in

which reputable law firms and lawyers are distinguished by comparing the lawyers to a Ferrari, a

BMW, and a Ford Fusion and further explaining that "a successful attorney fee applicant can only

choose a Ford Fusion" because "[i]t is quite reliable, consistent, and effective for the task at hand,

and will not break the bank").  *See also Leroy v. City of Houston,* 906 F.2d 1068, 1079 (5th Cir.

1990) (measure of hourly rate is not what "lions of the bar may command").

Moreover, the level of expertise the billing attorney possesses in the subject matter

significantly influences the final rate.  An attorney should not be paid a premium rate when

litigating outside the scope of her experience.  *See Lee v. Am. Eagle Airlines Inc.,* 93 F. Supp. 2d

1322 (S.D. Fla. 2000); *Storfer,* 2011 U.S.Dist LEXIS 78732011 ($315/hour awarded to attorney

with 26 years' experience but ***none in the subject area***); *Tobin v. Haverford Sch.,* 936 F. Supp.

284, 292 (E.D. Pa. 1996) (20-year lawyer without experience in field ***not entitled*** to top rate).

To address the reasonableness of Defendants' requested rates, Plaintiff refers to Section I

of *The 2021 Real Rate Report,* which distinguishes between litigation and non-litigation billing

rates for each listed city, with litigation rates being substantially lower.  This is a litigation matter.

For the Miami area in 2021, a third-quartile litigation partner charged $614 per hour and a third-

quartile associate was listed at $441 per hour.  *See* Report at 17-18. Section I of the Report also

breaks down associate rates based on years of experience and location.  Under the lodestar method,

pay rates are based on ***years of experience,*** not by labels such as "Senior Associate"  or "Junior

Attorney."   An Associate with 3-7 years of experience garners an hourly rate of $408, and an

Associate with more than 7 years of experience $540.  *See* Report at 26.

Accordingly, Plaintiff offers the following suggested billing rates:[4]

- Ms. Walker and Mr. Goldsmith:[5]  a reasonable hourly rate would be between $614, *see* Report, and $850, *see CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.,* No. 22-mc-20762-ALTMAN/REID, 2022 U.S. Dist. LEXIS 216167, at *16-*17 (S.D. Fla. Nov. 30, 2022) (highest approved rate for partners).  Plaintiff suggests a rate of $732 per hour.

- Mr. Seibald: a reasonable hourly rate would be between $540, *see* Report at 26, and $700, *see CITGO,* at *16-*17 (approved rate for attorney English). Plaintiff suggests a rate of $620 per hour.

---

[4] Plaintiff does not oppose Defendants' requested paralegal billing rates.
[5] Mr. Goldsmith billed a total of just 5.6 hours, which the court may deny as unnecessary, redundant, and minimal.  *See Alper Auto Inc. v. Day to Day Imps.,* 2022 U.S. Dist. LEXIS 158310, * 8 (S.D.Fla. July 25, 2022) (denying fees for two attorneys who billed a total of 14 hours finding that the "contributions were minimal"); *see also Tiramisu Int'l LLC v. Clever Imps. LLC,* 741 F.Supp. 2d 1279, 1297 (S.D.Fla. Aug. 10, 2010) ("Because the top-salaried counsel performed hours of legal work that could have been done by a senior associate, the Court recommends that certain deductions be made. . . .").

- Mr. Richman: a reasonable hourly rate would be between $408, *see* Report at 26, and $500, *see CITGO,* at *16-*17 (approved rate for associate Fudenberg). Plaintiff suggests a rate of $454 per hour.

- Mr. Shi: Mr. Shi was not licensed when he performed legal work here.[6] Plaintiff suggests a rate of $175 per hour—the paralegal rate requested by Defendants.

As required by Local Rule 7.3(a), Plaintiff has provided a declaration (in lieu of an affidavit) by its counsel giving the firm's hourly rates for this matter including any contingency, partial contingency, or other arrangements that could change the effective hourly rate. *See* Declaration of Jacques P. Lerner, Esq. Pursuant to Local Rule 7.3(a) in Support of Plaintiff's Opposition to Defendants' Motion for Attorneys' Fees and Expenses (Exhibit G).

## B.  THE REQUESTED HOURS ARE EXCESSIVE AND UNREASONABLE

Typically, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *See Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). *See also Loranger v. Stierheim,* 10 F.3d 776, 783 (11th Cir. 1994) (where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis [; r]ather, . . . it may [ ] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction'").

The "fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity." *See Sclafani v. Firstsource Advantage, LLC,* 2012 U.S. Dist. LEXIS 29110, at *8 (S.D.Fla. Mar. 6, 2012) (internal citations omitted). "[T]he general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *See*

---

[6] Mr. Shi was not barred until December 2021, after his work here from April to August 2021.

8

*Norman,* 836 F.2d at 1301 (emphasis added).  Moreover, "[a] well prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or the stage of the case." *See Oxford Asset Mngt. Ltd. v. Jaharis,* 279 F.3d 1182, 1196 (11th Cir. 2002).  In order to meet its burden, Peak one—*at a minimum*—would have to provide more than the affidavit of the attorney completing the work.  *Norman*, 836 F.2d at 1299 (citations omitted).

 Peak One has not met its burden here as its requested hours are excessive and unreasonable.  It "would be unreasonable to bill a client and therefore one's adversary irrespective of the skill, reputation or experience of counsel." *See Barnes,* 168 F.3d at 428.  Further, while a party may recover attorneys fees for the work of multiple attorneys, the movant must show that the attorneys were "not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman,* 836 F.2d at 1302.  Because a party is entitled to have competent counsel, *not a windfall of attorneys*, *see Blum,* 465 U.S. 886, the hours that were not reasonably expended or that are "excessive, redundant, or otherwise unnecessary" must be excluded. *See Hensley,* 461 U.S. at 434; *ACLU*, 168 F.3d at 428 ("[Fee applicants] must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill reputation or experience of counsel*.") (emphasis in original).  Some courts have held that when multiple attorneys are working on the same tasks, they should be compensated in the aggregate for what one attorney would receive. *See e.g.*, *In re Estate of Maxcy,* 240 So.2d 93 (Fla. 2d DCA 1970) (duplicative efforts by different attorneys will not be compensated). "Even if a party chooses to employ counsel of unusual skill and experience, the court awards only the fee necessary to secure reasonably competent counsel." *See Orenshtyn v. Citrix Systems, Inc.,* 558 F. Supp. 2d 1251, 1257 (S.D. Fla. 2007) (quoting *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d

1179, 1183 (N.D. Cal. 2004)), *vacated and remanded on other grounds,* 341 Fed. Appx. 621 (Fed. Cir. 2009).  Consequently, when multiple attorneys are involved in representing a client, redundant hours often arise, and it is crucial for the court to thoroughly examine the number of lawyers present and the specific roles claimed to have been undertaken by each.

          *1. Block Billing and Inadequate Descriptions.*   The movant seeking attorney's fees must supply "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *See Simon v. Leaderscape, LLC*, 565 F. Supp.2d 1332, 1335 (S.D.Fla. 2008).   The burden is not met when one submits "block billing" or "lumping together multiple tasks into a single entry of time."  *See Am. Fed'n of State v. Scott*, 2012 U.S.Dist. LEXIS 193642, *17 (S.D.Fla. Sept. 14, 2012) (quoting *Cardena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000)).  Courts have found it problematic because it is "unnecessary difficult" to review and account for the attorney's time.  *See Kearney v Auto-Owners Inc.*, 713 F. Supp. 2d 1369, 1377-78 (M.D. Fla. 2010).  *See also Red Bull GmbH v. Spacefuel Corp.*, 2007 U.S. Dist. LEXIS 104322, *18 (S.D.Fla. 2007) (holding that multiple attorneys billed for the same tasks, and "each attorney repeatedly" billed "multiple hours for those same tasks"); *Hazleton v. City of Orlando*, 2013 U.S. Dist. LEXIS 157669, at *18 (M.D. Fla. Nov. 4, 2013) ("While it is permissible for multiple attorneys to bill for working on certain tasks together, a reduction is warranted where the attorneys are unreasonably doing the same work or have made it impossible for the Court to recognize the distinct contributions…").

          Many of the entries in Exhibit A are block-billed and/or inadequately described.  It is impossible for the court to deduce how much time was spent on each task and if it was reasonable. *See* Exhibit A  The entries are unclear and do not allow the separation of different tasks, showing

the time allocated by the attorney to each task. Moreover, it is crucial for attorneys to identify the subject matter of their time expenditures. *Hensley*, 461 U.S. at 437. Any attempt to cure these deficiencies weeks or months after the work was done is pointless and would only result in guesswork by counsel as to the time actually spent on each task.

In sum, Defendants have block-billed approximately 70.5 out of a total of 363.9 hours billed in this case. These hours should not be compensated.

> **2. Excessive, Redundant, and Otherwise Unnecessary Billing.** The hours that were not reasonably expended or that are "excessive, redundant, or otherwise unnecessary" must be excluded. See Exhibit A; *Hensley*, 461 U.S. at 434; *ACLU*, 168 F.3d at 428 ("[Fee applicants] must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill reputation or experience of counsel.") (emphasis in original). As such, numerous internal discussions regarding case strategy are redundant. *See Matiano v. 5th Ave. Tree Experts*, No. 20-23972, 2021 U.S. Dist. LEXIS 8877, at *11 (S.D.Fla. Jan. 15, 2021), *report and recommendations adopted*, No. 20-CV-23972-UU, 2021 U.S. Dist. LEXIS 21800 (S.D.Fla. Feb. 5, 2021) (multiple entries for internal discussion regarding case strategy were reduced as ambiguous and redundant). *See also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically and undermines the reasonableness of those billings."); *Walker v. Iron Sushi LLC*, 2018 U.S.Dist. LEXIS 213347, *8 (S.D.Fla. Feb. 7, 2018) (internal citation omitted) ("Duplication inevitably occurs when plaintiffs' lawyers hold conferences, call each other on the phone, write each other letters and memoranda, or when several plaintiffs' lawyers bill for reading the same document received from the

**11**

defendants or the court").  Moreover, intercommunication between co-counsels is duplicative work and must not be used in calculating attorneys' fees.  *See Florida Birth-Related Neurological Injury Comp. Ass'n v. Carreras*, 633 So. 2d 1103 (Fla. 3d DCA 1994); *see also N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So.2d 194 (Fla. 3d DCA 2003) (billing of duplicative time by multiple attorneys working on the same case is generally not compensable).

While a client can have multiple attorneys, "the fee applicant must establish the time spent reflects the distinct contributions of each lawyer to the case and is the customary practice of multiple lawyer litigation." *See Pavarini Constr. Co. (SE) v. Ace Am. Ins. Co.,* 2016 U.S. Dist. LEXIS 157958, *20 (S.D Fla. Nov. 15, 2016) (internal citations omitted).  Thus, when multiple attorneys—as here—bill for the same tasks, they must distinguish their individual contributions. *See* Exhibit A.   The five attorneys representing the Defendants performed redundant work, with the billing entries displaying strikingly similar descriptions of work performed by all attorneys on the file.  *See American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d at 439 (*reducing approximately 110 hours'* worth of redundant billing from final fee award).  "[E]xcessive time spent on simple ministerial tasks such as reviewing documents or filing notices of appearance is non-compensable." *See N. Dade Church of God, Inc.*, 851 So.2d at 196; *see also Haines v. Sophia,* 711 So. 2d 209, 212 (Fla. 4th DCA 1998); *Ziontz v. Ocean Trail Unit Owners Ass'n Inc.,* 663 So. 2d 1334, 1335-36 (Fla. 4th DCA 1993).

Ms. Walker and Mr. Goldsmith appear to have performed numerous tasks that could simply be performed or were performed by other associate attorneys and thus, reduction in hours and fees is warranted.  *See* Exhibit A, ¶¶ 5, 7, 29, 40, 47, 51, 57, 61, 64, 70, 83, 86, 100, 110, 113, 119, 121, 126, 132, 143, 146, 149-51, 157, 160-76;  *See also Hamilton v. Sheridan Healthcare, Inc.,* 2015 U.S. Dist. LEXIS 193773, *22 (S.D.Fla. Dec. 23, 2015) (citing *Ursic v. Bethlehem Mines,* 719

F.2d 670, 677 (3d Cir. 1983) ("Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.").  Furthermore, Mr. Goldsmith billed 5.6 hours, which the court should deny as unnecessary, redundant, and minimal.  *See Alper Auto Inc. v. Day to Day Imps.,* 2022 U.S. Dist. LEXIS 158310, * 8 (S.D.Fla. July 25, 2022) (the court denied an award of attorneys fees for two attorneys who billed a total of 14 hours finding that the "contributions were minimal");  *In re Mullins,* 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest billing attorneys where three attorneys attended the same meeting).  It becomes the court's task to reduce the hours when the movant is unwilling to do so.  For instance, when multiple attorneys attend the same meeting as in this case without justification of their unique individual contribution and effort.

Mr. Shi spent an exorbitant amount of time on research. Mr. Shi was also not descriptive in his entries and many contain repetitive and duplicative information, not only within his entries, but among the entries of different attorneys in the law firm.  *See* Exhibit A and E; *see also Liberty Surplus Inc. Corp. v. Kaufman Lynn Constr. Inc.,* 2022 U.S. Dist. LEXIS 239416, * 28 (S.D. Fla. Dec. 5, 2022) (fees cut 50% due to "[e]xcessive and duplicative hours billed" particularly in the entries of three attorneys, which showed no distinction in work performed).

There are numerous duplicate entries as well.[7]  Thus, a total of 12.0 hours were billed by four attorneys for drafting and revising a letter, with no distinction among the tasks performed and contributions made to the letter by each attorney.  *See* Exhibit B.

Peak One has billed 38 total hours opposing Social Life's first motion to reopen the case based on the motion to dismiss for failure to comply with the 11th Circuit's shotgun pleading standard (ECF 39), and 104.1 hours on a cross-motion for sanctions and reply (ECFs 48 and 51).

---

[7] *See* Exhibit A and Exhibit B.

Peak One billed over 85 hours in preparing an unsuccessful sanctions motion and reply.   *See* Exhibit A, ¶¶ 75, 78, 79-80, 84-85, 87, 95-108, 168-69; Exhibit E, ¶¶ 25-26, 30-33 (for a total of 65.6 objectionable hours).   When multiple attorneys—as here—bill excessively, the Court should reduce their hours.  *See Dependable Component Supply Inc. v. Carrefour Informatique Tremblant Inc.,* 2012 U.S.Dist. LEXIS 9246 (S.D.Fla. Jan. 26, 2012) (fee request reduced by 65% because of "excessive and redundant billing").

Finally, certain billing entries appear to be duplicative of certain billing in *LGH*.[8] Defendants' counsel should not be allowed to recover for the same work in both matters.

In sum, Defendants have billed substantial time for excessive, redundant, and otherwise unnecessary work; these hours should not be compensated.

**3. *Clerical Work Performed by Attorneys.*** "Clerical work, such as the compilation of facts and statistics, coordinating schedules, basic communications, procedural matters, and housekeeping matters, is usually performed by legal assistants, not lawyers." *See Machado v. Da Vittorio, LLC*, 1020 U.S.Dist. LEXIS 84047, *7 (S.D.Fla. July 26, 2010).  Thus, the work performed by the Defendants' attorneys that is of clerical nature must be excluded as it is non-compensable.

**4. *Billing for Paralegal Work.*** Paralegal tasks are only recoverable when they perform work traditionally done by attorneys.  *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.

---

[8] For example, on May 11, 2021 Mr. Shi billed 3.1 hours for "draft corporate disclosure filings" in *LGH* and on the same date billed 2.4 hours for "draft corporate disclosure filings" in this case.  *See* Exhibit F. On May 11, 2021 Mr. Seibald billed 1.0 hour for "revise initial disclosures and notice of financial interest; draft pro hac vice motion; communicate with B. Richman and A. Shi regarding initial disclosures and pro hac vice motion" in *LGH*; on the same date Mr. Seibald billed 0.5 hours for "revise initial disclosure; communicate with B. Richman, A. Shi, A.Resnick, and client regarding initial disclosures and pro hac vice motions" in this case.  *See id.*  On May 21, 2021, Mr. Shi billed 2.1 hours in *LGH* for "research on motion to dismiss case" and on the same date billed 2.1 hours here for "research motion to dismiss defense." *See id.*  On May 24, 2021, Mr. Shi billed 2.1 hours in *LGH* for "research stay question" and on the same day billed 1.3 hours for "research stay question" in this case.  *See id.*

1988).  Time spent on clerical tasks is non-recoverable.  *See Norman*, 836 F.2d at 1306.  Tasks of purely clerical nature should not be invoiced at paralegal rates regardless of the qualifications and experience of the paralegal.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").  Without evidence that the work was paralegal rather than secretarial, courts have reversed an award of paralegal fees.  *See Dayco Prods. v. McLane*, 690 So.2d 654 (Fla. 1st DCA 1997); *Moore v. Hillsborough County Sch. Bd.*, 987 So.2d 1288 (Fla. 1st DCA 2008).  Thus, for example, uploading docket entries to a shared drive is a purely clerical task and must be excluded from the attorney fee motion.  The objectionable entries are a total of 4 hours: 2 hours billed by Ms. DeLeo and 2 hours billed by Mr. Arias.[9]  These hours should not be compensated.

    **5.  *Billing for Pro Hac Vice Applications.***  The hours billed for a *pro hac vice*[10] motion must be excluded since the fees are at the expense of the attorney and not fees charged to the client.  *See Coal of Immokalee Workers, Inc. v. Town of Palm Beach*, 2016 U.S.Dist. 2016 (S.D.Fla. Dec. 27, 2016) ("the pro hac vice fee is an expense of counsel, not the client, and is thus not properly recoverable…"); *Exhibit Icons, LLC v. XP Cos., LLC*, No. 07-80824-CIV, 2009 U.S.Dist. LEXIS 111635, *3 (S.D.Fla. Nov. 18, 2009) (collecting cases explaining that fees and time spent on pro hac vice motions is not recoverable).  Plaintiff estimates that a total of 9.2 hours were billed on pro hac motions:  Mr. Seibald (1.8 hours), Mr. Richman (6.4 hours) and Mrs. Walker (1 hour). See Exhibit D.

    **C.  LODESTAR CALCULATION**

   SLN calculates the lodestar—unadjusted for its objections to  billed hours—as follows.

---

[9] *See* Exhibit C.  *See also* Exhibit A, ¶ 17 (2 hours billed by Mr. Arias for purely clerical task).
[10] *See* Exhibit D.

| Timekeeper[11] | Role | Suggested Rate | Total Hours Billed | Total Fee |
|---|---|---|---|---|
| H. Walker | Partner | $732 | 21.7 | $15,884 |
| B. Goldsmith | Partner | $883 | 5.6 | $4,944 |
| M.J. Seibald | Sr. Associate | $620 | 75.0 | $46,500 |
| B. Richman | Sr. Associate | $454 | 160.8 | $73,003 |
| A. Shi | [Paralegal] | $175 | 80.1 | $14,017 |
| A. Arias | Paralegal | $175 | 2 | $350 |
| R. DeLeo | Paralegal | $175 | 8 | $1,400 |
| S. Roeder | Paralegal | $175 | 5 | $875 |
| A. Santamaria | Paralegal | $175 | 5.7 | $997 |
| Total (unadjusted) | | | | $157,970 (unadjusted) |

*The above total does not include a reduction related to the hours billed by Defendants' counsel.*  While the Defendants determined that 15% exclusion of hours billed is appropriate, *see* Motion at 13, based on the prevailing market rate, such a reduction is insufficient here given the breadth of Plaintiff's objections to the billed hours in B., above.  Courts have required a reduction when billing statements contain block billing, ambiguous entries, numerous conferences, or a combination of all as is in here.  *See Bivins v. Wrap It Up, Inc.,* 380 F. App'x 888, 891 (11th Cir. 2010) (***an 85% across the board deduction*** was justified and not an abuse of discretion); *Machado v. Da Vittorio*, No. 09-23069-CIV, 2010 U.S. Dist. LEXIS 84047, 2010 WL 2949618, at *4 (S.D. Fla. July 26, 2010) (finding that ***a 40% reduction*** is reasonable on all hours which contain multiple compensable tasks in one billing block); *Parra v. Minto Town Park, LLC,* 2009 U.S. Dist. LEXIS

---

[11] Attorney Shi is listed as a paralegal per the discussion in A., above.

81227, at *15 (S.D.Fla. Aug. 20, 2009) (the court determined that a substantial reduction of fees is warranted when multiple attorneys draft, edit, and research a motion to dismiss thereby failing to exercise billing judgment and only reduced the requested fees by 70%**)**.  Here, the combination of block billing and the impossibility of distinguishing duplicative work—in addition to the numerous other concerns about the propriety of Defendants' billing—*including billing that appears to be duplicative of the hours billed in LGH*—warrants an across-the-board reduction of 15% to the lodestar in the table above.  This is correctly in addition to the reduction already suggested by Defendants—which does not account for the hours billed.

Accordingly, Plaintiff recommends a final lodestar of ***$134,274.50.***

## D.  REIMBURSEMENT FOR LEGAL RESEARCH SHOULD BE DENIED

Plaintiff objects to Defendants' entitlement to expenses for online legal research. Frequently, the Eleventh Circuit has held that costs for "computerized legal research…are non recoverable." *See Armor Screen Corp. v. Storm Catcher, Inc.,* 2009 U.S. Dist LEXIS 59927, at *22-23 (S.D.Fla. June 29, 2009) (citing *Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir. 1996) ("costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees … are clearly nonrecoverable")).  Computer-assisted legal research costs are overhead and not properly taxable as costs.  *See Wood v. Panton & Co. Realty, Inc.*, 950 So.2d 534 (Fla. 4th DCA 2007); *Dep't of Transp. v. Skidmore*, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998); *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411 (S.D.Fla.1986).

In circumstances *not present here,* the Eleventh Circuit has allowed reasonable costs associated with legal research when the applicant submits supporting evidence.  *See U.S ex rel. Century Fire Protection, LLC v. Ace Eng'g, Inc.,* No. 3:09-CV-203/MCR/EMT, 2011 U.S.Dist. LEXIS 150804 (N.D.Fla. Nov. 14, 2011).  Here, Defendants submitted a spreadsheet of Westlaw research with a date, amount billed, and person conducting the research but with the description

"WESTLAW RESEARCH AND PRINTING CHARGES" *on every entry.*  *See id.*  *See also* Exhibits E and Defendants' Motion Exhibit 3.  When billing entries are not sufficiently descriptive, the Court will exclude such fees.  *See H.C. v. Bradshaw,* 426 F.Supp. 1266, 1286 (S.D.Fla. Oct.10, 2019) (denying legal research costs because the court did not find "sufficient explanation for the necessity or reasonableness of the research" and the applicant failed to establish a connection between the research and the case).  *See also Lee v. Am. Eagle Airlines Inc.,* 93 F.Supp. 2d 1322, 1335 (S.D.Fla. 2000) (the applicant bears the burden to show the expenses incurred and whether it is entitled to them).  Peak One failed to properly account for individual items of legal research here.  *See* Exhibit E and Defendants' Motion Exhibit 3.  And many of the entries in Exhibit A and E are in a block billing format.  Thus, expenses for legal research should not be awarded, as Defendants have not met their burden.

## CONCLUSION

For all of the foregoing reasons, the Court should defer its ruling on the Motion, or deny the Motion pending the outcome of the appeal.  If the Court is not inclined to do so, it should award fees of $134,274.50 and deny Defendants' request for reimbursement of legal research.

DATED:        June 6, 2023                    Respectfully submitted,

**THE BASILE LAW FIRM P.C.**

By: */s/ Agapija Cruz*
Agapija Cruz, Esq.
Florida Bar No. 1027984
Mark R. Basile, Esq.*
Jacques P. Lerner, Esq.*
Marjorie Santelli, Esq.*
Eric J. Benzenberg, Esq.*
Gustave P. Passanante, Esq.*
365 Fifth Avenue S., Suite 202
Naples, FL 34102
Tel.:    (239) 232-8400
Fax:     (631) 498-0478
Email: agapija@thebasilelawfirm.com
        mark@thebasilelawfirm.com
        jack@thebasilelawfirm.com
        marjorie@thebasilelawfirm.com
        eric@thebasilelawfirm.com
        gus@thebasilelawfirm.com

*Attorneys for Plaintiff Social Life Network, Inc.*

*Admitted *pro hac vice*

**19**

## LOCAL RULE 7.3 CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.3, I hereby certify that Plaintiff and Defendants, by and through its

undersigned counsel, conferred on April 28, 2023 and May 3, 2023 in good faith effort to resolve

the issues but were unable to reach a positive solution.


DATED:          June 6, 2023                    By: _/s/ Agapija Cruz_____
                                                Agapija Cruz, Esq.
                                                Florida Bar No. 1027984
                                                **THE BASILE LAW FIRM P.C.**
                                                365 Fifth Avenue S., Suite 202
                                                Naples, FL 34102
                                                Tel.:    (239) 232-8400
                                                Fax:     (631) 498-0478
                                                Email: agapija@thebasilelawfirm.com