**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

Case No. 1:21-cv-21373-GAYLES-TORRES

SOCIAL LIFE NETWORK, INC.,

    Plaintiff/Judgment Debtor,

v.

PEAK ONE OPPORTUNITY FUND, L.P., *et al.*,

    Defendants/Judgment Creditors,

and

WELLS FARGO BANK, N.A.,

    Garnishee.

**DEFENDANTS/JUDGMENT CREDITORS'**
**MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT**

    Pursuant to Federal Rules of Civil Procedure 64 and 69, as well as Florida Statutes Sections 77.01 and 77.03, Defendants/Judgment Creditors, Peak One Opportunity Fund, L.P., Peak One Investments, LLC, and Jason Goldstein (collectively, the "Judgment Creditors"), through their undersigned counsel, hereby files this Motion for Issuance of Writ of Garnishment, and state:

    1.    On April 12, 2023, this Court entered a Final Judgment in favor of the Judgment Creditors and co-defendant, J.H. Darbie & Co., against the Plaintiff/Judgment Debtor, Social Life Network, Inc. (the "Judgment Debtor"). A true and correct copy of the Final Judgment is attached hereto as **Exhibit "A"**.

    2.    On August 8, 2023, this Court entered an Order on the Judgment Creditors' Motion for Attorneys' Fees and Expenses (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit "B"**.

3. The Order provides that the Judgment Creditors are entitled to recover from the Judgment Debtor "$142,902.50 in attorney's fees and $15,000 in costs for a total of **$157,902.50**, for which let execution issue". *See* Order (**Ex. "B"**) at p. 2.

4. The total amount specified in the Order remains unpaid.

5. While the Judgment Debtor appealed the Final Judgment, there is no stay of the Order or Final Judgment, more than 30 days have passed since the date of the Final Judgment and Order, and no bond has been posted. There is no pending motion that would preclude the granting of the issuance of the requested writ.

6. The Judgment Creditors reasonably believe that Wells Fargo Bank, N.A. ("Garnishee") may owe money or be holding property belonging to the Judgment Debtor.

7. Florida Statutes Section 77.01 provides the right to a writ of garnishment to individuals or entities who have "recovered a judgment in any court against any person" to subject "any debt due to the [Judgment Debtor] by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the [Judgment Debtor] by a third person, and any tangible or intangible personal property of [Judgment Debtor] in the possession or control of a third person".

8. In accordance with Florida Statutes Section 77.03, the motion for garnishment may be filed and the writ may be issued either before or after the return of execution. Additionally, the motion is not required to be verified, nor does it negate the Judgment Debtor's exemptions. *Id.*

9. The Judgment Creditors have a reasonable belief that the Judgment Debtor does not have in their possession visible property on which a levy can be made sufficient to satisfy the full amount of the Order.

10. The Defendants/Judgment Creditors respectfully request that the Clerk of the Court issue the attached [Proposed] Writ of Garnishment After Judgment against the Judgment Debtor as to the Garnishee in the form attached as **Exhibit "C"**.

11. Pursuant to Administrative Order 2014-86, Local Rule 67.1(c), and Florida Statutes § 77.28, the filing party shall no longer pay $100 into the Court registry and instead shall make that payment directly to the garnishee upon demand.

**WHEREFORE**, Defendants/Judgment Creditors, Peak One Opportunity Fund, L.P., Peak One Investments, LLC, and Jason Goldstein, respectfully request that the Clerk of the Court issue the Writ of Garnishment attached hereto as **Exhibit "C"** as to Garnishee, Wells Fargo Bank, N.A., and such other entities that may be later identified, in the principal amount of **$157,902.50**, and such other and further relief that this Court deems just and proper.

Dated:  September 27, 2023

Respectfully submitted,

/s Aaron Resnick
Helgi C. Walker*
Brian A. Richman*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500
hwalker@gibsondunn.com
brichman@gibsondunn.com

Barry Goldsmith*
M. Jonathan Seibald*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-2440
bgoldsmith@gibsondunn.com
jseibald@gibsondunn.com

Aaron Resnick (Fla. Bar No. 141097)
LAW OFFICES OF AARON RESNICK, P.A.
100 Biscayne Blvd., Suite 1607
Miami, FL 33132
(305) 672-7495
aresnick@thefirmmiami.com

*Attorneys for the Defendants/Judgment Creditors, Peak One Opportunity Fund, L.P., Peak One Investments, LLC, and Jason Goldstein*

_____
* *pro hac vice.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2023, I electronically filed a copy of the foregoing document through the Court's CM/ECF System, which will send notifications of the filing to all counsel of record.

          */s Aaron Resnick*
          Aaron Resnick (Fla. Bar No. 141097)
          LAW OFFICES OF AARON RESNICK, P.A.
          100 Biscayne Blvd., Suite 1607
          Miami, FL 33132
          (305) 672-7495
          aresnick@thefirmmiami.com

          *Attorney for the Defendants/Judgment Creditors Peak One Opportunity Fund, L.P., Peak One Investments, LLC, and Jason Goldstein*